# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Forfeiture of Cannabis Grow Equipment<br><br>MICHAEL A. SCHERMERHORN and ROXANNA M. LARSON,<br><br>      Appellants,<br><br>      v.<br><br>SKAGIT COUNTY INTERLOCAL DRUG ENFOREMENT UNIT,<br><br>      Respondent. | No. 86120-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Michael Schermerhorn and Roxanna Larson (the Appellants) appeal the hearing examiner's order of forfeiture of their personal property, arguing the hearing examiner erred in concluding the Appellants were engaged in the illegal manufacturing of medical cannabis. Finding no error, we affirm.

In 2015, the Appellants, along with two other individuals, created Cooperative 138 to produce medicinal cannabis to address their individual medical requirements. At that time, pursuant to the Washington State Medical Use of Cannabis Act, ch. 69.51A RCW, qualifying medical cannabis patients could create and participate in "collective gardens" for the purpose of producing, processing, transporting, and delivering cannabis for medical use. Former RCW 69.51A.085 (2011). Under the former statute, collective gardens were not required to register with the state. Id. Effective July 1, 2016, the legislature enacted RCW 69.51A.250,

which updated the statutory requirements to establish a cooperative to produce and process medicinal cannabis. LAWS OF 2015, ch. 70, §§ 26, 50. Qualifying patients wishing to form a cooperative must register the location with the Washington State Liquor and Cannabis Board (LCB), which, among other restrictions, must not be located within one mile of a cannabis retailer and must be the domicile of one of the cooperative members. RCW 69.51A.250(2), (3)(a), (7).

On April 12, 2019, an Anacortes police officer was dispatched to the Appellants' cooperative site to investigate a reported burglary. Along with the burglary, the police began investigating whether the cooperative had the proper licensing. The police department requested assistance from the Washington State Patrol regarding their investigation into the cooperative's legality.

On May 31, 2019, the Appellants applied to the LCB for a license to register Cooperative 138. On June 6, 2019, the LCB notified the Appellants that their site location did not meet the requirements to be a registered cooperative because it was within one mile of a cannabis retail outlet and none of the cooperative members were domiciled at the site address. The Appellants had 14 days to change the cooperative location to a compliant location, or the application would be withdrawn. The Appellants did not submit a change to a new compliant location, and the LCB sent a letter on June 26, 2019 indicating it was withdrawing the application. The following day, the Appellants sent an e-mail indicating they were appealing the decision. In a letter dated July 12, 2019, the LCB sent the Appellants a statement of intent to deny the cooperative application registration, and provided

information if the Appellants wished to request a hearing. The Appellants submitted a request for a hearing to challenge the withdrawal of the application.

On July 25, 2019, law enforcement contacted the LCB and inquired about the Appellants and Cooperative 138. The LCB responded, stating the Appellants and the location were not licensed, the Appellants' property was associated with a cooperative registration application that was withdrawn on June 26, 2019, and the Appellants were in the process of appealing the withdrawal.[1] On September 3, 2019, the Skagit County district court issued a search warrant for the search of the Appellants' property, finding that there was probable cause to believe that there was evidence of illegal cannabis manufacturing, a violation of RCW 69.50.401.[2] The search warrant was executed on September 5, 2019, the day before a prehearing conference was scheduled to set the hearing date over the LCB's withdrawal of their license application. The Appellants were found to be in possession of over 60 cannabis plants and various pieces of equipment used for growing. The Skagit County Interlocal Drug Enforcement Unit (the Unit) took

---

[1] In response to the Appellant's request for a hearing, the LCB filed a motion for summary judgment. On February 13, 2020, an administrative law judge issued an initial order on summary judgment, affirming the LCB's decision to withdraw the cooperative application. In an order dated March 11, 2020, the LCB affirmed the administrative law judge's initial order, and ordered that the application for the cooperative registration was withdrawn.

[2] "Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance." RCW 69.50.401(1).

custody of the various grow equipment pursuant to proper service of seizure and forfeiture notification.[3]

In a letter dated September 11, 2019, the Unit notified the Appellants of the seizure and intended forfeiture. The Appellants responded, claimed interest in the seized property, objected to the intended forfeiture, and requested a hearing on the matter. The Unit filed a motion for summary judgment. In their response to the motion for summary judgment, the Appellants argued the forfeiture was not justified because the Appellants were licensed to operate their cooperative, the Appellants did not intend to violate the law, and seizure of the equipment violated the Eighth Amendment of the United States Constitution. The hearing examiner granted the Unit's motion for summary judgment, finding that the Unit established probable cause to seize the property, and the Appellants failed to prove that the property was not used or intended to be used in an illegal drug activity. The hearing examiner found that the Appellants "failed to apply for a permit until May of 2019 . . . [the Appellants] did not live at the warehouse property, and [the

---

[3] RCW 69.50.505(1)(a-b) states,

(1)     The following are subject to seizure and forfeiture and no property right exists in them:
(a)     All controlled substances which have been manufactured, distributed, dispensed, acquired, or possessed in violation of this chapter or chapter 69.41 or 69.52 RCW, and all hazardous chemicals, as defined in RCW 64.44.010, used or intended to be used in the manufacture of controlled substances;
(b)     All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this chapter or chapter 69.41 or 69.52 RCW.

4

Appellants] operated two separate locations where [cannabis] was grown, stored and processed in excess of that allowed by relevant law." The hearing examiner ordered that the Appellants' equipment was forfeited.

The Appellants petitioned for judicial review of the order, arguing the hearing examiner committed legal error by determining they were engaging in an unlawful act. Following oral argument, the superior court affirmed the hearing examiner's judgment and order of forfeiture and denied the appeal. The Appellants filed a motion for reconsideration, which was denied. The Appellants appealed to this court.

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs our review of administrative decisions in forfeiture proceedings. RCW 69.50.505(5). We review the original forfeiture order entered by the hearing examiner, not the superior court's decision. City of Sunnyside v. Gonzalez, 188 Wn.2d 600, 607-08, 398 P.3d 1078 (2017). Under the APA, we may grant relief from the hearing examiner's order based on one of nine reasons listed in RCW 34.05.570(3). The Appellants bear the burden of showing the forfeiture order was erroneous. RCW 34.05.570(1)(a).

"[W]here the original administrative decision was on summary judgment, the reviewing court must overlay the APA standard of review with the summary judgment standard." Verizon Nw., Inc. v. Wash. Emp't Sec. Dep't, 164 Wn.2d 909, 916, 194 P.3d 255 (2008). "Summary judgment is appropriate only where the undisputed facts entitle the moving party to judgment as a matter of law." Id. We

5

review the facts in the administrative record de novo and in the light most favorable to the nonmoving party. Id. And we review the examiner's legal conclusions using the APA's "error of law" standard, which allows this court to substitute its view of the law for that of the examiner. Id. at 915; RCW 34.05.570(3)(d).

The Appellants argue law enforcement erred in executing a search warrant to seize the Appellants' property while they were amid the administrative process of obtaining a cooperative license.[4] During the burglary investigation, the Anacortes police department contacted the LCB to confirm whether the address had an active license to grow cannabis. The LCB responded on May 2, 2019, and stated that the operation appeared to be an "illegal grow operation" and the only way the operation could be legal at that location was "if they were a cooperative and at this point there are no Cooperative licenses that have been issued in Skagit County." The Appellants did not apply to register their cooperative until May 31, 2019, and were subsequently notified their application was withdrawn due to their noncompliant location. The Appellants sought to appeal the withdrawal of their application, however, at no point did they have a valid cooperative license.

Though the Appellants had medical cannabis authorization forms at the time the search warrant was executed, these allowed the Appellants to grow at their domicile up to 15 cannabis plants for personal use. See RCW 69.51A.210 (if

---

[4] The Appellants attached numerous exhibits to their opening brief to support their arguments. However, this court's review is confined to the agency record. RCW 34.05.558. The APA's provisions set forth the circumstances in which a reviewing court may receive additional evidence, none of which apply here. See RCW 34.05.562.

determined necessary, the health care professional must specify on the authorization it is recommended that the patient be allowed to grow, in their domicile, up to 15 plants for their personal medical use). The cooperative property was not the Appellants' domicile. At the time the search warrant was obtained and executed, the Appellants did not have a registered cooperative as required under RCW 69.51A.250, nor were they authorized to grow cannabis at that location for their personal use pursuant to their medical cannabis authorization cards, RCW 69.51A.210. The hearing examiner's order that the Appellants' equipment was subject to forfeiture was not erroneous.

The Appellants also argue that (1) there was a conspiracy between law enforcement and the LCB, (2) law enforcement failed to provide correct information in the application for a search warrant, (3) law enforcement failed to contact the Appellants' insurance agent, (4) Schermerhorn was attacked by Anacortes police officers, (5) law enforcement failed to authenticate the Appellants' cannabis recognition cards, and (6) law enforcement failed to serve all four cooperative members before seizing the grow equipment. However, the Appellants provide no analysis or citation to authority on these claims. We will not consider issues that are not supported by argument or citation to authority. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). And, these arguments would not appear to negate the fact the Appellants lacked the licensure that would have been required for production at the cooperative's

location to be legal.  The production not in conformity with law rendered Appellants'

property subject to forfeiture.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____        _____
Feldman, J.                             Coburn, J.